732

■ INEZ ITKIN, Appellant, v. NATHAN W. RINGER, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The trial court erred in restricting the use of the pretrial testimony of the attending physician. We see no objection to the hypothetical question and answer that were excluded. Moreover, it is impossible to pass upon the rulings of the trial court because of the procedure adopted of reviewing the deposition in chambers without a stenographer present. The plaintiffs, Inez Itkin and James Itkin, are entitled to a new trial. While these errors did not directly affect the verdict returned in favor of the infant we conclude that in the interests of justice a new trial should be directed in that action. In passing we note that defendant's exception to the instruction of the trial court that there was little dispute that the accident happened as a result of defendant's negligence was properly taken. Of course, this was a prejudicial statement. (Appeal by plaintiff from judgment of Monroe Trial Term for plaintiff in an automobile negligence action.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ KAREN ITKIN, an Infant, by Her Guardian ad Litem JAMES ITKIN, Appellant, v. NATHAN W. RINGER, Respondent.— Same decision and like cause of action as in companion case Itkin v. Ringer (12 A D 2d 732).

■ JAMES ITKIN, Appellant, v. NATHAN W. RINGER, Respondent.— Same decision and like cause of action as in companion case of Itkin v. Ringer (12 A D 2d 732).

■ MAURICE F. GIBSON, Plaintiff, v. McMANUS, LONGE, BROCKWEHL, INC., et al., Defendants. McMANUS, LONGE, BROCKWEHL, INC., Third-Party Plaintiff-Appellant, v. EMPIRE STEEL ERECTORS, INC., Third-Party Defendant-Respondent. — Order unanimously reversed, with $25 costs and disbursements and motion denied, without costs. Memorandum: Construing the allegations of the third-party complaint in the light of the allegations contained in the principal complaint, we conclude that the former pleading alleges a sufficient cause of action. (Appeal from order of Onondaga Special Term granting motion by the third-party defendant for dismissal of the third-party complaint.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ ALFRED S. GANGLOFF et al., Respondents, v. DONALD H. BROWN, Appellant.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Erie Special Term denying defendant's motion for a new trial and to vacate the judgment in favor of plaintiff and restrain plaintiffs from proceeding on said judgment.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ ALICE C. LAGOE, as Limited Administratrix of the Estate of JOHN H. LAGOE, Deceased, Respondent, v. CITY OF OSWEGO, et al., Defendants, and E. I. DU PONT DE NEMOURS AND COMPANY, Appellant.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Oswego Special Term resettling a previous order which denied motion by defendant Du Pont de Nemours and Company for summary judgment.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ In the Matter of JOHN K. VREELAND, Individually and as Guardian ad Litem of ELAINE VREELAND, an Infant, Respondent, v. AUBURN BOARD OF EDUCATION, Appellant.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Cayuga Special Term granting leave to serve late notice of claim.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.